IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DONALD CRAIG, JORGE DELEON AND EDDIE YOUNG,<br><br>    Plaintiffs,<br><br>vs.<br><br>RICK BRETTHAUER, JERRY BURT AND MARY DICK,<br><br>    Defendant. | CASE NO.: 05 CV 3038<br><br>ORDER ON MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

The defendants made a motion for summary judgment arguing that the educational program that plaintiffs were denied admission to was funded by a federal grant with age restrictions attached.

## II. BACKGROUND

Donald Craig, Jorge Deleon, and Eddie Young (collectively "plaintiffs") are inmates at Fort Dodge Correctional Facility ("FDCF"). On October 13, 2005, Donald Craig filed a complaint (Docket No. 6) under the Civil Rights Act, 42 U.S.C. § 1983, against Rick Bretthauer[1], Jerry Burt[2], and Mary Dick[3] (collectively "defendants"). A pro se motion to amend the

---

[1] Education Director, Fort Dodge Correctional Facility.

[2] Warden, Fort Dodge Correctional Facility.

[3] Treatment Director, Fort Dodge Correctional Facility.

complaint was filed and granted to add an additional plaintiff, Jorge Deleon (Motion at Docket No. 8, Order at Docket No. 15). Another pro se motion to amend the complaint was filed and granted to add an additional plaintiff, Eddie Young (Motion at Docket No. 25, Order at Docket No. 36). The complaint alleges, among other claims, that defendants are discriminating against plaintiffs because of age. Specifically, plaintiffs allege that free college courses are offered at FDCF if the inmate is under 25 years old. However, plaintiffs were all over 25 years of age at the time of filing, and therefore do not qualify for the free college courses. Plaintiffs seek "compensatory damages, books, tuition, enrollment fees, punitive damages, attorney fees, interest at the maximum legal rate, court costs, and any further relief the court deems equitable and just." (Docket No. 6 at 2).

Defendants filed an answer wherein they state that the reason plaintiffs were not allowed to participate in the courses was "because of restrictions on the federal grant money used to pay for such a program." Docket No. 22, at 2. Furthermore, defendants allege they are immune from damages in this case; and also, because plaintiffs did not exhaust

2

administrative grievances under 42 U.S.C. § 1997e(a), plaintiffs' claims are barred[4]. Docket No. 11.

Defendants also filed a motion for summary judgment in which they allege summary judgment is appropriate because denial in the education program does not establish a claim for age discrimination. Docket No. 27-1.

## III. FACTS

The material facts of the dispute are relatively simple. Plaintiffs are inmates at the FDCF in Fort Dodge, Iowa. Docket No. 1-2, at 2. Plaintiffs seek to take post- secondary education courses ("the courses") through the Grants to States for Workplace and Community Transition Training for Incarcerated Youth Offenders Program, and the Grants to States for Workplace and Community Transition Training for Incarcerated Program. Docket No. 27-2, at 1-3. These grants provide State Correctional Education Agencies federal funds to "provide post-secondary education, post-secondary vocational training, and related services to 'youth offenders' up to age 25, who are incarcerated in a State prison, including a pre-release facility, and are eligible for parole or release within five years." Docket No. 27-5, at 8. Plaintiffs meet

---

[4]The Court makes no finding as to whether plaintiffs failed to exhaust administrative grievances.

3

all the requirements for entry into these education programs, except that they are over the age of 25. As stated above, the federal grants specifically provide that the appropriate funds may only be used for educating inmates under the age of 25.

**IV. ANALYSIS**

**A. Standard for Granting Summary Judgment**

The standard for granting summary judgment is well established. A motion for summary judgment may be granted only if, after examining all of the evidence in the light most favorable to the nonmoving party, the Court finds that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Montgomery v. John Deere & Co., 169 F.3d 556, 559 (8th Cir.1999). A fact is material if it might affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). An issue of material fact is genuine "if it has a real basis in the record." Hartnagel v. Norman, 953 F.2d 394, 395 (8th Cir.1992) (citing Matsushita, 475 U.S. at 586-87).

4

The party moving for summary judgment bears the "initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show lack of genuine issue." Celotex, 477 U.S. at 323. Once the moving party has carried its burden, the opponent must go beyond the pleadings and designate specific facts-by such methods as affidavits, depositions, answers to interrogatories, and admissions on file-that show there is a genuine issue for trial. See Fed.R.Civ.P. 56(e); Celotex, 477 U.S. at 324. The evidence of the nonmoving party is to be considered as true, and justifiable inferences arising from the evidence are to be drawn in his or her favor. Anderson, 477 U.S. at 255. If the evidence of the nonmoving party is "merely colorable," or is "not significantly probative," summary judgment may be granted. Id. at 249-50. Thus, although the nonmoving party does not have to provide direct proof that genuine issues of fact exist for trial, the facts and circumstances that the nonmoving party relies upon must "attain the dignity of substantial evidence and must not be such as merely to create a suspicion." Metge v. Baehler, 762 F.2d 621, 625 (8th Cir. 1985). In essence, the evidence must be "such that a reasonable jury could find a verdict for the

5

nonmoving party." Anderson, 477 U.S. at 248. With these standards in mind, the Court turns to consideration of the defendants' motion for summary judgment.

**B. Defendants' motion for summary judgment**

Plaintiffs argue that their equal protection rights were violated because defendants discriminated against them based on age by denying them access to educational and vocational opportunities in which inmates under the age of 25 were allowed to participate. Prisoners have no constitutional right to educational or vocational opportunities during incarceration, Spencer v. Snell, 626 F. Supp. 1096, 1097 (E.D. Mo.), aff'd, 786 F.2d 1171 (8th Cir. 1986); however, if the state provides educational or vocational opportunities to its prisoners, it cannot deny equal access to such services to all prisoners absent a rational basis. Wishon v. Gammon, 978 F.2d 446, 450 (8th Cir. 1992). To prove an equal protection violation, plaintiffs have to show that they were treated differently from similarly situated inmates at FDCF and that there was no rational basis related to a legitimate state purpose for the unequal treatment. Wishon, 978 F.2d at 450.

Plaintiffs have not shown they are treated differently from other inmates who are similarly situated. This Court

6

finds that these inmates are not similarly situated as younger inmates who are under the age of 25 and who are near their release date. The difference in age is enough to make the plaintiffs not similarly situated with those who qualify for the courses.

Even if similarly situated, plaintiffs would still have to show that there is no rational basis related to a legitimate state purpose for the unequal treatment. The Equal Protection Clause does not demand, for purposes of rational basis review, that a legislature or governing decision-maker actually articulate, at any time, the purpose or rationale supporting its classification. United States R.R. Retirement Bd. v. Fritz, 449 U.S. 166, 179 (1981). See also McDonald v. Board of Election Comm'rs of Chicago, 394 U.S. 802 (1969) (legitimate state purpose may be ascertained even when the legislative or administrative history is silent). Nevertheless, the Court's review does require that a purpose may conceivably or "may reasonably have been the purpose and policy" of the relevant governmental decision-maker. Allied Stores of Ohio, Inc. v. Bowers, 358 U.S. 522, 528-529 (1959). See also Schweiker v. Wilson, 450 U.S. 221, 235 (1981) (classificatory scheme must "rationally advance a reasonable and identifiable governmental objective").

In the present case, there is a rational basis for excluding those over the age of 25 from these courses. The legislature has an incentive to reduce recidivism. Younger inmates who are within five years of being released from prison often lack the educational or vocational training to become productive members of society. The legislature, through programs like these, has determined that educating younger inmates is a higher priority than educating older inmates. While this Court is persuaded that anyone wanting to take post-secondary education classes while in prison should be allowed to take them at no expense to themselves, this Court also understands the fiscal restraints make this impossible.

## V. CONCLUSION

This Court finds that there are no genuine issues of material fact and that defendants are entitled to summary judgment as a matter of law as to plaintiffs' equal protection claims regarding educational opportunities.

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment (Docket No. 27) is **granted**.

**IT IS SO ORDERED** this 27th day of July, 2007.

*Donald E. O'Brien*
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa